# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 15-197** |
| **CURTIS DANTIN** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court are Defendant Curtis Dantin's Motion to Dismiss Count 4 (Doc. 439); Motion in Limine (Doc. 441); and Motion to Strike (Doc. 443). For the following reasons, these Motions are DENIED.

## BACKGROUND

The charges in the Third Superseding Indictment ("Indictment") arise out of a welding accident and explosion that occurred on an offshore oil platform on November 16, 2012. Defendant Curtis Dantin served as the supervisor for Defendant Grand Isle Shipyards, Inc. on the platform at the time of the explosion. Dantin is charged in Count 4 of the Indictment with violations of the Clean Water Act. Dantin now moves for three different forms of relief based on the same underlying argument—that the Indictment contains false

1

statements. He argues that the charges against him should be dismissed, certain testimony and evidence should be prohibited, or the false allegations in the Indictment should be stricken. This Government opposes this Motion, and oral argument was held on November 28, 2018.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 12(b), a party may challenge an indictment for failing to state an offense. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[1] In this circuit, "[t]he propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . . If a question of law is involved, then consideration of the motion is generally proper."[2] A court must take the allegations of the indictment as true and determine whether an offense has been stated.[3] A defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.[4] A court may, however, apply undisputed facts to resolve a question of law with a trial of the general issue.[5]

---

[1] FED. R. CRIM. PRO. 12.
[2] United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005).
[3] United States v. Fontenot, 665 F.3d 640, 644 (5th Cir. 2011).
[4] United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975).
[5] *Flores*, 404 F.3d 320.

## LAW AND ANALYSIS

Dantin alleges that the Indictment contains statements that are untrue and that cannot be proven in light of testimony given to the grand jury by the only two surviving eyewitnesses to the platform explosion, Antonio Tamayo and Wilberto Ilagan. Dantin alleges that Tamayo and Ilagan gave testimony to the grand jury, as well as depositions in a related civil lawsuit, in which they swore to facts that contradict those contained in the Indictment.[6] Dantin alleges that the contradictory statements in the Indictment are therefore false and that the Government knowingly included these false statements.[7] Dantin argues that the use of false statements in the Indictment should warrant dismissal of the charges against him. In the alternative, he asks the Court to prohibit the government from introducing any testimony or evidence in support of the paragraphs of the Indictment that are contrary to the statements of the eyewitnesses or to strike these paragraphs on the grounds that they cannot be proven. He alleges that the doctrines of due process, fair and impartial trial, and effective assistance of counsel, as guaranteed by the Fifth and Sixth Amendments, warrant these results.

The Government points out, and Dantin concedes, that no rule of criminal procedure or case supports dismissing an indictment based on the theory asserted here.[8] It is well-settled that a defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not

---

[6] For example, Dantin alleges that Tamayo and Ilagan testified before the grand jury that a gas detector was used at the point to be welded and a fire watch was designated. The Indictment states that no gas detector reading was taken in the area to be welded and no fire watch was designated.

[7] Dantin admits that he is not claiming prosecutorial misconduct.

[8] Doc. 451-2 at 4.

3

supported by adequate evidence.[9] Federal Rule of Criminal Procedure 12 allows the Court to dismiss an indictment only if it fails to state an offense. "The court may not dismiss an indictment based on the sufficiency of evidence supporting the allegations in the indictment."[10] Despite his protestations otherwise, Dantin's Motions ask the Court to do just that. Dantin essentially argues that because two eyewitnesses testified to one fact then it is necessarily the truth and no contrary evidence can be presented. The Government, on the other hand, contends that the allegations in the Indictment are supported by other testimony and evidence. Indeed, the grand jury found probable cause for the charge against Dantin even in light of the eyewitness testimony. The Government also alleges that Tamayo and Ilagan made statements soon after the explosion that contradict their deposition and grand jury testimony. This Court cannot consider Dantin's Motions without weighing the adequacy of this evidence. "[W]eighing the evidence is the function of the jury."[11] Accordingly, there are no grounds for dismissal of the charge against Dantin. In addition, Dantin has likewise failed to show any grounds for limiting or striking this evidence.

## CONCLUSION

For the foregoing reasons, the Motions are DENIED.

---

[9] United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975).
[10] United States v. Kohll's Pharmacy & Homecare Inc., 2017 WL 2951580, at *2 (W.D. La. July 6, 2017).
[11] United States v. Jackson, No. 13-131, 2014 WL 1664901, at *2 (E.D. La. Apr. 25, 2014).

New Orleans, Louisiana this 7th day of December, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**